IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Veronica Michelle Hyatt, ) | Case No. 7:24-cv-06219-JDA |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Nationwide General Insurance ) | |
| Company; Acrisure LLC, *d/b/a Jeff* ) | |
| *Clark Insurance Agency*, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on a motion to remand filed by Plaintiff [Doc. 13] and a motion to dismiss filed by Defendant Nationwide General Insurance Company ("Nationwide") [Doc. 12].  For the reasons discussed below, the Court denies Plaintiff's motion to remand and grants in part and denies in part Nationwide's motion to dismiss.

### **BACKGROUND**[1]

This case involves a dispute between Plaintiff and her insurance company, Nationwide, regarding a claim for auto coverage under Plaintiff's insurance policy following a motor vehicle accident on March 22, 2024.  [Doc. 1-1 ¶¶ 6–11.]  On August 26, 2021, Plaintiff purchased a 2021 Ram 2500 Laramie Crew Cab pickup truck (the "Truck") and subsequently purchased an insurance policy (the "Policy") through her insurance agent, Defendant Acrisure LLC d/b/a Jeff Clark Insurance Agency ("Acrisure").[2]

---

[1] The facts included in the Background section are taken directly from the Complaint. [Doc. 1-1.]

[2] After being served with the Summons and Complaint, original defendant JCA Enterprise LLC discovered that it was not the correct party to be sued, and on September 30, 2024,

[*Id*. ¶¶ 7–8.] The Policy contains "New Car Replacement Plus Coverage," which provides coverage in the event of a total loss. [*Id*. ¶ 12; *see* Doc. 12-2.[3]] Specifically, the Policy language states as follows:

### NEW CAR REPLACEMENT PLUS COVERAGE

Coverage is subject to all terms and conditions of the policy, including **PART D — COVERAGE FOR DAMAGE TO YOUR AUTO**, except as changed by this endorsement.

This endorsement applies only to "your covered auto" shown in the Declarations for which a specific premium charge indicates that New Car Replacement Plus Coverage applies. This coverage does not extend to any other vehicle or trailer.

This endorsement amends **PART D — COVERAGE FOR DAMAGE TO YOUR AUTO**, on that auto only.

This coverage ends at the policy renewal after "your covered auto" reaches six years of age. The age is determined by subtracting "your covered auto's" model year from the current model year. The current model year is the current calendar year if your policy period begins prior to October 1; otherwise, the current model year is the upcoming calendar year.

**LIMIT OF LIABILITY**

**NEW CAR REPLACEMENT PLUS**

In the event of a total loss to "your covered auto" as declared by us for which the New Car Replacement Plus Coverage applies, we agree to pay for the loss less your deductible as follows:

**A.** For a total loss that occurs prior to the renewal after "your covered auto" reaches three years of age, we will pay the purchase price, as negotiated by us, less any rebates or

---

Plaintiff, Nationwide, and JCA Enterprise LLC submitted a consent motion to substitute party in state court, which was granted. [Docs. 1 ¶¶ 4–5; 1-8; 1-9.]

[3] For the purposes of a Rule 12(b)(6) motion, a court may rely on documents incorporated by reference in the Complaint. *See Simons v. Montgomery Cnty. Police Officers*, 762 F.2d 30, 31–32 (4th Cir. 1985).

2

> incentives, for a new model year of same or similar make, model, body type, and equipment as determined by us. However, we will not pay more than 110% of the original Manufacturer's Suggested Retail Price of "your covered auto" being replaced.
>
> **B**. For a total loss that occurs following the renewal after "your covered auto" reaches three years of age and prior to the renewal after it reaches six years of age, we will pay the fair market retail value of an auto with the same model year of the same or similar make, model, body type, mileage, and equipment as determined by us, without reduction for physical condition of the property, using a valuation guide or methodology selected by us. However, we will not pay more than 100% of the original Manufacturer's Suggested Retail Price of "your covered auto" being replaced.

[Doc. 12-2 at 40.]

As a result of the accident on March 22, 2024, the Truck was declared a total loss and Plaintiff submitted a claim under the Policy. [Doc. 1-1 ¶¶ 10–11.] Nationwide declined to pay Plaintiff the full purchase price of a new model year of the Truck, and on July 1, 2024, Plaintiff filed this action in the Spartanburg County Court of Common Pleas, asserting claims against Nationwide for breach of contract, breach of contract accompanied by a fraudulent act, violation of the South Carolina Unfair Trade Practices Act (the "SCUTPA"), and bad faith, and against both Defendants for negligent misrepresentation, fraud/misrepresentation, and estoppel. [*See* Doc. 1-1.] Defendants removed the action on October 29, 2024. [Doc. 1.]

## DISCUSSION

**Motion to Remand**

Because it raises questions regarding subject matter jurisdiction, the Court first addresses Plaintiff's motion to remand, which challenges removal of the original Complaint in this matter. *See Monticello Rd., LLC v. Auto-Owners Ins.*, No. 3:17-0730-

MBS, 2017 WL 3205797, at *2 (D.S.C. July 28, 2017) ("Removal jurisdiction is determined on the basis of the state court complaint at the time of removal.").

A defendant may remove to federal district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Remand of a case to state court following removal is governed by 28 U.S.C. § 1447, which provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is placed upon the party seeking removal." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). "Because removal jurisdiction raises significant federalism concerns, [courts] must strictly construe removal jurisdiction." *Id.* Thus, remand is necessary if federal jurisdiction is doubtful. *Id.*

Defendant removed this action pursuant to 28 U.S.C. § 1332(a), which is known as "diversity jurisdiction" and provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." [Doc. 1.]

In her motion to remand, Plaintiff asserts that the Court lacks subject matter jurisdiction over this action because "the *actual* amount in controversy" is the amount claimed by Plaintiff in her Complaint less the amount previously offered by Nationwide as the fair market value of the Truck, the difference of which she maintains is lower than the minimum threshold requirement for diversity jurisdiction. [*See* Doc. 13-1 at 5 (emphasis added).] However, Plaintiff readily concedes that the actual and compensatory damages she seeks in this action—notwithstanding her claims for treble damages, attorney's fees and costs, and punitive damages—are approximately $80,000.00. [*Id.*; *see also* Docs. 1-

4

1 ¶¶ 20, 27, 28, 34, 41, 48, 57; 13-4.]  Plaintiff has not accepted any offer made by Defendants for fair market value of the Truck—rather, the amount claimed by Plaintiff in the Complaint is the full purchase price of a new model year of the Truck, which is over the required $75,000 amount in controversy for diversity jurisdiction.  [*See* Docs. 13-2; 13-4.]  Accordingly, the Court concludes that removal was proper and denies Plaintiff's motion to remand.[4]

**Motion to Dismiss**

In its motion to dismiss, Nationwide argues that the plain language of the Policy provides that the coverage owed to Plaintiff once her Truck reached three years of age was the fair market retail value of the Truck, and that the Truck had reached three years of age under the terms of the Policy at the time of the accident.  [Doc. 12-1 at 6–11.]  As a result, Nationwide argues that Plaintiff's claims for breach of contract and breach of contract accompanied by a fraudulent act must fail.  [*Id*.]  Nationwide further argues that SCUTPA claims do not apply to insurance practices; Plaintiff has failed to allege facts to establish bad faith; the economic loss rule bars Plaintiff's negligent misrepresentation claim as a matter of law; Plaintiff has failed to state a claim for fraud/misrepresentation; and Plaintiff cannot invoke estoppel.  [*Id*. at 11–19.]

### *Applicable Law*

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a claim should be dismissed if it fails to state a claim upon which relief can be granted.  When considering a motion to dismiss, the court should "accept as true all well-pleaded allegations and

---

[4] Complete diversity of the parties exists because Plaintiff is a citizen of South Carolina, Nationwide is a citizen of Ohio, and Acrisure is a citizen of Michigan.  [Docs. 1 ¶¶ 7–9; 1-1 ¶¶ 1–2.]

should view the complaint in a light most favorable to the plaintiff." *Mylan Lab'ys, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). However, the court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). Further, for purposes of a Rule 12(b)(6) motion, a court may rely on only the complaint's allegations and those documents attached as exhibits or incorporated by reference. *See Simons v. Montgomery Cnty. Police Officers*, 762 F.2d 30, 31–32 (4th Cir. 1985). If matters outside the pleadings are presented to and not excluded by the court, the motion is treated as one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(d).

With respect to well pleaded allegations, the United States Supreme Court explained the interplay between Rule 8(a) and Rule 12(b)(6) in *Bell Atlantic Corp. v. Twombly*:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

550 U.S. 544, 555 (2007) (footnote and citations omitted); *see also* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216, at 235–36 (3d ed. 2004)

("[T]he pleading must contain something more . . . than a bare averment that the pleader wants compensation and is entitled to it or a statement of facts that merely creates a suspicion that the pleader might have a legally cognizable right of action.").

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. The plausibility standard reflects the threshold requirement of Rule 8(a)(2)—the pleader must plead sufficient facts to show he is entitled to relief, not merely facts consistent with the defendant's liability. *Twombly*, 550 U.S. at 557; *see also Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." (internal quotation marks omitted)). Accordingly, the plausibility standard requires a plaintiff to articulate facts that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible the plaintiff is entitled to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009).

### *Analysis*

#### <u>Breach of Contract Claim</u>

Nationwide first argues that Plaintiff's breach of contract claim fails to state a plausible claim for relief because the terms of the Policy provide that the Truck was over three years of age at the time of the accident, and thus Plaintiff was owed the fair market

7

retail value of the Truck, not the purchase price of a new model of the Truck.  [Doc. 12-1 at 6–8.]

To state a claim for breach of contract, a plaintiff must allege "(1) a binding contract entered into by the parties; (2) breach or unjustifiable failure to perform the contract; and (3) damage as a direct and proximate result of the breach."  *King v. Carolina First Bank*, 26 F. Supp. 3d 510, 517 (D.S.C. 2014) (applying South Carolina law); [*see* Doc. 12-2 at 35 (providing that the "contract law of the state where the policy was issued governs the interpretation of" the Policy.")].  Here, there is no dispute that the Policy was a binding contract between Plaintiff and Nationwide, but Plaintiff contends that "Nationwide breached the contract by refusing to pay the full amount for a new vehicle to replace [the Truck]" as was due under the terms of the Policy.  [Doc. 1-1 ¶ 19.]  As stated above, Nationwide argues that it did not breach the terms of the Policy because Plaintiff was merely owed the fair market retail value of the Truck.  [Doc. 12-1 at 6–8.]  The Court therefore turns to the plain language of the Policy.

The "New Car Replacement Plus Coverage" provision of the Policy provides that the age of the covered vehicle "is determined by subtracting [the] covered auto's model year from the current model year" and that if the relevant policy period begins October 1 or after, "the current model year is the upcoming calendar year."  [Doc. 12-2 at 40 (internal quotation marks omitted).]  Coverage is provided under Subsection A—Nationwide "will pay the purchase price . . . for a new model year of same or similar make"—for a total loss that occurs "prior to the renewal after [the covered vehicle] reaches three years of age," and thereafter is provided under Subsection B—Nationwide "will pay the fair market

8

retail value of an auto with the same model year of the same or similar make"—until a policy renewal that occurs after the vehicle reaches six years of age. [*Id.*]

Here, the policy period in effect at the time of the accident began on December 6, 2023 [Doc. 12-2 at 6], after October 1, and thus the "current model year" of the Truck for the purposes of calculating its age under the Policy was 2024. To calculate the age of the Truck by subtracting the "covered auto's model year" from the "current model year," the equation is 2024 minus 2021, which equals three years of age as of December 6, 2023. Under Nationwide's interpretation of the Policy language, because the accident occurred on March 22, 2024—after the Truck had already reached three years of age under the Policy—Plaintiff was eligible only for coverage under Subsection B of the provision, which provides that Nationwide will pay the fair market retail value of a vehicle with the same model year. [*See* Docs. 1-1 ¶ 10; 12-2 at 40.] However, the Policy reads that coverage under Subsection A applies to "a total loss that occurs prior to *the renewal after* [the covered vehicle] reaches three years of age," not simply after the vehicle reaches three years of age. [Doc. 12-2 at 40 (emphasis added).] The renewal after the Truck reached three years of age on December 6, 2023, would have occurred on June 6, 2024, more than two months after the accident. [*See* Doc. 12-2 at 6.] The Court therefore concludes that Plaintiff has plausibly alleged a breach of contract claim because, based on the plain language of the Policy, coverage under Subsection A was likely warranted.[5]

---

[5] Nationwide's arguments in its motion to dismiss are focused on when the Truck reached three years of age, not on when the *renewal after* the Truck reached three years of age occurred. Neither party addresses this additional language in their briefing; however, under South Carolina law, if the terms of a contract are clear and unambiguous, the court must enforce the contract according to its terms. *See Ellis v. Taylor*, 449 S.E.2d 487, 488 (S.C. 1994) ("When the language of a contract is plain and capable of legal construction,

9

Plaintiff's Remaining Claims

Because Plaintiff's claims for breach of contract accompanied by a fraudulent act, negligent misrepresentation, bad faith, fraud/misrepresentation, and estoppel are based on this underlying breach of contract, and because Nationwide's arguments for dismissal of those claims are premised on Nationwide's flawed interpretation of the terms of the Policy[6] as discussed above, dismissal of these claims is inappropriate at this stage of the litigation.[7]

The Court notes one exception. Nationwide argues that Plaintiff's SCUTPA claim should be dismissed because the Act does not apply to matters of insurance. [Doc. 12-1 at 11–12.] In her response, Plaintiff does not address Nationwide's contention that claims under the SCUTPA are not actionable in insurance cases, but instead generally

---

that language alone determines the instrument's force and effect."); *see also Miles v. Miles*, 711 S.E.2d 880, 883 (S.C. 2011) ("The interpretation of an unambiguous contract is a question of law.").

[6] Nationwide argues that Plaintiff's bad faith claim should be dismissed because there was an objectively reasonable basis for denying the insured's claim [Doc. 12-1 at 12–13], and that Plaintiff's negligent misrepresentation, fraud/misrepresentation, and estoppel claims should be dismissed because Plaintiff could have ascertained the true facts on her own with the exercise of due diligence [*id*. at 14–19].

[7] Nationwide also argues that Plaintiff's negligent misrepresentation claim is barred by the economic loss doctrine. [Doc. 12-1 at 13–14.] However, the only cases Nationwide cites in its motion to dismiss involve conduct that occurred in the *performance* of the contract—not, as Plaintiff alleges, in the *procurement* of the contract. [*See id*; Doc. 1-1 ¶¶ 43–48.] At this stage, the Court declines to dismiss Plaintiff's negligent misrepresentation claim under the economic loss doctrine because it concludes that Plaintiff has plausibly alleged negligence on the part of Defendants based on conduct that allegedly occurred before the contract was executed. *See Hood v. United Servs. Auto Assoc.*, 910 S.E.2d 767, 773 (S.C. 2025) ("We have recognized that where an insurance agent or broker, with a view toward being compensated, undertakes to procure insurance for a member of the public, the law holds the agent or broker to the exercise of good faith, and reasonable skill, care and diligence in performing the obligation." (internal quotation marks omitted)).

argues that Plaintiff's allegations satisfy the requirements of a SCUTPA claim. [Doc. 19 at 7–8.]

"[I]nsurance providers are separately regulated under South Carolina law and are not subject to the SCUTPA." *Thomas v. Tramaine-Frost*, No. 4:16-cv-1266-TLW-TER, 2017 WL 9287004, at *5 (D.S.C. Jan. 12, 2017) (compiling cases), *Report and Recommendation adopted by* 2017 WL 781071 (D.S.C. Feb. 28, 2017). "Instead, all unfair trade practices regarding the insurance business are regulated by the Insurance Trade Practices Act" ("ITPA"). *Palmetto Design Assoc., Inc. v. B G Framing Co.*, No. 0:20-cv-04234-JMC, 2021 WL 1227086, at *2 (D.S.C. Apr. 1, 2021) (internal quotation marks omitted). The ITPA "clearly manifests legislative intent to create an administrative remedy and not a private right of action." *Masterclean, Inc. v. Star Ins.*, 556 S.E.2d 371, 377 (S.C. 2001).

Accordingly, the Court dismisses Plaintiff's SCUTPA claim against Nationwide because Nationwide is not subject to the SCUTPA. *See, e.g., Palmetto*, 2021 WL 1227086, at *3 (dismissing the plaintiff's SCUTPA claim against an insurance provider because the SCUTPA was inapplicable).

## **CONCLUSION**

Wherefore, based on the foregoing, Plaintiff's motion to remand [Doc. 13] is DENIED and Defendant Nationwide's motion to dismiss [Doc. 12] is GRANTED IN PART and DENIED IN PART. Nationwide's motion is granted with prejudice as to Plaintiff's claim for violation of the SCUTPA and denied as to Plaintiff's remaining claims.

IT IS SO ORDERED.

                                                                                       s/ Jacquelyn D. Austin
                                                                                       United States District Judge

June 3, 2025
Greenville, South Carolina